Case 2:11-cv-02453-DRH-ARL   Document 57   Filed 10/21/14   Page 1 of 7 PageID #: 632

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------
JAMES J. COFFIN and NICHOLAS FRISCH,

                      Plaintiffs,                  **MEMORANDUM AND ORDER**
                                                               **11-CV-2453 (DRH)(ARL)**

        -against-

MRI ENTERPRISES and SOLOMON KALISH,
an Individual

                      Defendants.

----------------------------------------------------------X

**APPEARANCES:**

For the Plaintiffs:
**HELEN F. DALTON & ASSOCIATES PC**
69-12 Austin Street
Forest Hills, NY 11375
By:    Helen F. Dalton, Esq.
         Melissa Kobernitski, Esq.
         Roman M. Avshalumov

For the Defendant MRI Enterprises:
**JASPAN SCHLESINGER**
300 Garden City Plaza
Garden City, NY 11530
By:    Daniel E. Shapiro, Esq.
         Marci S. Zinn, Esq.

For the Defendant Solomon Kalish:
**KALISH P.C.**
9306 Flatlands Ave.
Brooklyn, NY 11236
By:    Adam Kalish, Esq.

**Hurley, Senior District Judge:**

        Plaintiffs James F. Coffin ("Coffin") and Nicholas Frisch ("Frisch") (collectively "plaintiffs") commenced this action against MRI Enterprises ("MRI") and Solomon Kalish ("Kalish") individually (collectively "defendants") asserting claims for overtime wages pursuant

to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* and New York Labor Law ("NYLL") §§ 190 *et seq*. Presently before this Court is plaintiffs' motion to amend the Complaint to add three additional defendants, Benito Fernandez ("Fernandez"), Allan Hausknecht ("Hausknecht"), and Comprehensive Imaging of New York, PLLC ("Comprehensive Imaging") (collectively "proposed defendants") pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(2). For the reasons set forth below, the plaintiffs' motion is granted.

## BACKGROUND

The following factual allegations are taken from plaintiffs' Proposed Amended Complaint ("PAC").

Plaintiffs worked as MRI technologists at MRI Enterprises and Comprehensive Imaging of New York, PLLC. Defendants usually created a work schedule requiring plaintiffs to work more than forty (40) hours per week. Specifically, Coffin alleges that he worked approximately forty-five (45) hours or more per week from February 14, 2006 until January 20, 2010, and Frisch alleges that he worked an average of fifty-four hours or more per week from February 14, 2006 until January 20, 2010. Plaintiffs claim that defendants did not pay them "time and a half" for hours worked over forty (40) hours in violation of overtime provisions contained in the FLSA and NYLL.

According to plaintiffs, the individual defendants are owners and officers of both MRI and Comprehensive Imaging. In addition, they each had power over personnel decisions and payroll decisions, the power to hire and fire employees, establish pay wages, set work schedules, and maintain employment records.

## DISCUSSION

### I. *Motion to Amend Standard*

Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P 15(a)(2). An "[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002); *see McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). A motion to amend a complaint may be denied, however, if the amendment would be futile. See *Foman v. Davis*, 371 U.S. 178, 182 (1962) (outlining factors to consider when determining a motion seeking leave to amend a complaint, including undue delay, bad faith, dilatory motive, repeated failure to remedy deficiencies in the complaint, undue prejudice to the defendant, or futility). "A proposed amendment to a pleading is deemed to be futile if the amended pleading fails to state a claim" pursuant to Rule 12(b)(6). *Kirk v. Heppt*, 423 F. Supp. 2d 147, 149 (2d Cir. 2006) (citing *Oneida Indian Nation of New York v. City of Sherrill*, 337 F.3d 139, 168 (2d Cir. 2003).

In recent years, the Supreme Court has clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6). First, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 561. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the

3

> assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 555 (citations and internal quotation marks omitted).

More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court provided further guidance, setting a two-pronged approach for courts considering a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (*citing Twombly*, 550 U.S. at 555).

Second, "[w]hen there are well-pleaded factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Id.* at 678 (quoting and citing Twombly, 550 U.S. at 556–57) (internal citations omitted). In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

4

## II.     Whether Plaintiffs' Amendment Would be Futile

Defendants argue that plaintiffs' motion should be denied because the proposed defendants "are not 'employers' as a matter of State and Federal law." (Pl.'s Decl. in Opp'n ¶ 4.) The defendants support this argument with affidavits from Hausknecht and Fernandez stating that they did not hire or fire plaintiffs, did not pay plaintiffs wages or determine their rate of pay, and did not supervise or control plaintiffs' work schedule, daily conduct, or conditions of employment.

The defendants' analysis, however, is flawed. In asking the Court to consider affidavits from the proposed defendants, defendants are essentially attempting to apply a summary judgment standard, instead of the liberal Rule 12(b)(6) standard that applies in this instance. Moreover, the plaintiffs' amended complaint does set forth allegations that the proposed defendants were employers under the FLSA.

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).[1] "Under the FLSA, the question of whether an employee-employer relationship exists is one of 'economic reality.'" *Velu v. Velocity Express, Inc.,* 666 F. Supp. 2d 300, 305 (E.D.N.Y.2009) (quoting *Goldberg v. Whitaker House Coop., Inc.,* 366 U.S. 28, 33 (1961)); *Carter v. Dutchess Cmty. College*, 735 F.2d 8, 12 (2d Cir. 1984) ("It is common ground that courts, in determining whether an

---

[1] "The NYLL's definitions are nearly identical to the FLSA's." *Glatt v. Fox Searchlight Pictures Inc.*, 293 F.R.D. 516, 526 (S.D.N.Y. 2013) (citing N.Y. Lab. Law § 2(7)). Under the NYLL, "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service" or "any individual . . . acting as employer." N.Y. Lab. Law §§ 190(3), 651(6). "District courts in this Circuit 'have interpreted the definition of "employer" under the New York Labor Law coextensively with the definition used by the FLSA.'" *Coley v. Vannguard Urban Imp. Ass'n Inc.*, 2014 WL 4793825, at *2 n.5 (E.D.N.Y. Sept. 24 2010) (quoting *Sethi v. Narod*, 2013 WL 5453320, at *23 (E.D.N.Y. Sept. 30, 2013) (internal citations and quotations omitted) (collecting cases)). "Accordingly, the Court addresses plaintiff[s'] FLSA and NYLL claims in tandem." *Id.*

employment relationship exists for purposes of the FLSA, must evaluate the 'economic reality' of the relationship"). In *Carter v. Dutchess Comty. College*, the Second Circuit stated that in determining the economic reality of an employment relationship the court must consider:

> [W]hether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

*Id*. Moreover, "the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concepts, determined by reference not to isolated factors, but rather upon the circumstances of the whole activity." *Barfield v. New York City Health and Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (internal quotation marks and citations omitted).

      Plaintiffs allege that the proposed individual defendants Fernandez and Hausknecht are owners, officers, and members of the boards of MRI and Comprehensive and had power over personnel and payroll decisions at both companies, including the power to hire and fire employees, establish and pay wages, set work schedules, and maintain employment records. In addition, plaintiffs allege that defendants created the work schedules requiring them to work more than forty hours per week. These allegations state a plausible claim that the proposed defendants are employers for purposes of the FLSA and NYLL. *See Moreira v. Sherwood Landscaping Inc.*, 2014 WL 4639126, at *7 (E.D.N.Y. Sept. 16, 2014) (citing *Shim v. Millennium Grp., LLC*, 2010 WL 409949, at *2 (E.D.N.Y. Jan. 27, 2010) (holding that allegations that referred to both individual and corporate defendants collectively were "sufficient to establish liability for the individual defendants, as 'employers' under the FLSA as well as for the corporate defendants") (internal citations omitted)); *Racewicz v. Alarm Processing Systems, Inc.*, 2014 WL 4417354, at *3 (finding that plaintiff's allegations were not conclusory as "[a]

6

conclusory restatement of the legal standard would be a paragraph stating merely that upon information and belief, [d]efendants were employers . . . within the meaning of the FLSA" (internal quotation marks and citations omitted)). As a result, the plaintiffs' claims are not futile. Moreover, defendants have not offered any argument that plaintiffs' motion to amend the complaint to add additional defendants was in bad faith or that granting the motion would be prejudicial. As a result, the plaintiffs' motion to amend the complaint is granted.

## Conclusion

For the foregoing reasons, Plaintiffs' motion to amend the complaint is granted. Plaintiffs shall file the amended complaint within thirty (30) days of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
October 21, 2014

_____/s/_____
Denis R. Hurley
United States District Judge