UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------
JAMES J. COFFIN and NICHOLAS FRISCH,

                 Plaintiffs,                      **MEMORANDUM AND ORDER**
                                                                   11-CV-2453 (DRH)(ARL)
      -against-

MRI ENTERPRISES and SOLOMON KALISH,
an Individual

                    Defendants.

-----------------------------------------------------------X
**APPEARANCES:**

**For the Plaintiffs:**
**HELEN F. DALTON & ASSOCIATES PC**
69-12 Austin Street
Forest Hills, NY 11375
By:    Helen F. Dalton, Esq.
         Melissa Kobernitski, Esq.
         Roman M. Avshalumov

**For the Defendant MRI Enterprises:**
**JASPAN SCHLESINGER**
300 Garden City Plaza
Garden City, NY 11530
By:    Daniel E. Shapiro, Esq.
         Marci S. Zinn, Esq.

**For the Defendant Solomon Kalish:**
**KALISH P.C.**
9306 Flatlands Ave.
Brooklyn, NY 11236
By:    Adam Kalish, Esq.

**HURLEY, Senior District Judge:**

       Presently before the Court is the parties' motion seeking Court approval of the "Confidential

Settlement Agreement and Release" (the "Settlement Agreement"), which resolves plaintiffs' claims

made under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA") and the New York

Labor Law ("NYLL").  The Court hereby denies the parties' motion without prejudice and with the right to renew for the reasons set forth below.

Settlement agreements resolving claims brought pursuant to the FLSA "generally require judicial approval to be effective, because private settlements will not effectuate a valid release." *Diaz v. Scores Holding Co., Inc.*, 2011 WL 6399468, at *2 (S.D.N.Y. July 11, 2011) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 703-04 (1945)).[1]  Before a court approves an FLSA settlement, "it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (collecting cases).

Here, the Court is unable to determine whether the settlement is fair and reasonable because the parties have failed to "provide the [C]ourt with enough information to examine the bona fides of the dispute." *Id*. (internal quotation marks and citations omitted).  In seeking the Court's approval, "[t]he employer should articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee must articulate the reasons justifying his entitlement to the disputed wages." *Guareno v. Vincent Perito, Inc.*, 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014) (internal quotation marks and citations omitted).  In addition, "[i]f the parties dispute the computation of wages owed, they must each provide an estimate of the number of hours worked and the applicable wage." *Id*.  Here, the parties have not provided sufficient information regarding the time periods during which the plaintiffs were employed and the applicable hourly wage such that the Court can determine that the settlement amount is fair and reasonable.

---

[1] An FLSA claim may be settled without judicial approval, however, if the settlement is supervised by the Secretary of Labor.  *See Wolinksy v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

In addition, the Court cannot approve the Settlement Agreement because it contains a confidentiality provision stating that "[a]ll Parties to this Agreement agree to the [sic] keep the existence, terms, and events leading up to and incorporated within this Agreement strictly confidential except insofar as permitted or required by applicable law." Additionally, the Settlement Agreement provides that [a]ll Parties to this Agreement represent that neither them nor their counsel has disclosed or will disclose, directly or indirectly, to anyone, this Agreement or its terms except insofar as permitted or required by applicable law." The meaning of the terms "except insofar as permitted or required by applicable law" is unclear. Moreover, in prohibiting the plaintiffs from disclosing the terms of the settlement, the confidentiality provision "is contrary to well-established public policy" and "impedes one of the goals of the FLSA - to ensure that all workers are aware of their rights." *Guareno*, 2014 WL 4953746 at *1 (collecting cases) (denying approval where settlement agreement had been filed on public docket but contained confidentiality provision restricting plaintiff's disclosure of settlement); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d. 1227, 1242 ("By including a confidentiality provision, the employer thwarts the informational objective of the [FLSA] by silencing the employee who has vindicated a disputed FLSA right."). Therefore, the Court cannot approve the Agreement so long as it contains such a provision.

Accordingly, the Court hereby denies without prejudice the parties' motion for approval of the Settlement Agreement. The parties are directed to submit a revised agreement addressing the deficiencies noted herein within thirty days of the date of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
      March 19, 2015                                                             /s/
                                                                                     Denis R. Hurley
                                                                                     Unites States District Judge